# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GEORGE ODARCZENKO, as Administrator of the ESTATE OF VICTORIA ODARCZENKO, Deceased,<br><br>Plaintiffs,<br>v.<br><br>POLARIS INDUSTRIES, INC. (The Delaware Corporation), POLARIS INDUSTRIES, INC. (The Minnesota Corporation), POLARIS SALES, INC., and CUSTOM PRODUCTS OF LITCHFIELD, INC.,<br><br>Defendants. | Case No. 1:25-cv-5880<br><br>**JURY DEMAND** |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, GEORGE ODARCZENKO, as Administrator of the ESTATE OF VICTORIA ODARCZENKO, Deceased, by and through his attorney, Kent D. Sinson of Sinson Law Group complaining of the Defendants, POLARIS INDUSTRIES, INC. (The Delaware Corporation), POLARIS INDUSTRIES, INC. (The Minnesota Corporation), POLARIS SALES, INC., and CUSTOM PRODUCTS OF LITCHFIELD, INC., Plaintiffs allege as follows:

### NATURE OF ACTION

1. Plaintiff Estate of Victoria Odarczenko brings this products liability action against Polaris Industries (The Delaware Corporation), Polaris Sales, Inc., Polaris Industries, Inc. (The Minnesota Corporation and parent corporation of the other two Polaris defendants, collectively "Polaris," and Custom Products of Litchfield, Inc. Victoria Odarczenko died as a result of these defendants' conduct in the sale, development, design, engineering, manufacture, marketing,

production, distribution, assembly and warning and instructions of the subject motorized utility task vehicle ("UTV").

2. Plaintiff Estate of Victoria Odarczenko brings a wrongful death/survival action against Nathan P. Zeien.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this actions pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000.00 exclusive of costs and interest and the parties are citizens of different states.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as the decedent, Victoria Odarczenko, was domiciled in this District at the time of her death.

## PARTIES

5. George and Paula Odarczenko are the surviving parents of Victoria Odarczenko. GEORGE ODARCZENKO is the administrator for the estate of VICTORIA ODARCZENKO, deceased.

6. On October 9, 2020, and at all times relevant to this claim, Victoria Odarczenko, age 21 resided at 5049 N. Octavia Ave., Harwood Heights Illinois 60706.

7. POLARIS INDUSTRIES, INC. is a Delaware Corporation with its principal place of business at 2100 Highway 55, Medina, Minnesota 55340. Its agent for service of process is The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

8. POLARIS SALES, INC, is a Minnesota Corporation with its principal place of business at 2100 Highway 55, Medina, Minnesota 55340. Its agent for service of process in Illinois is CT Corporation System located at 208 S. LaSalle Street, Unit 814, Chicago, Illinois 60604.

9. POLARIS INDUSTRIES, INC. is a Minnesota Corporation with its principal place of business at 2100 Highway 55, Medina, Minnesota 55340-9770. It is the parent company of both defendant POLARIS INDUSTRIES, INC. the Delaware Corporation and Polaris Sales, Inc. Its agent for service of process is CT Corporation System Inc., 101 Date Street N., St. Paul, Minnesota 55117.

10. CUSTOM PRODUCTS OF LITCHFIELD ("Custom Products") is a Minnesota corporation headquartered at 1715 S. Sibley Ave, Litchfield, Minnesota 55355. Their registered office address is 1715 S. Sibley Ave, P.O. Box 718, Litchfield, Minnesota 55355.

11. Polaris designs, redesigns, engineers, manufactures, advertises, promotes, assembles, distributes, markets, and sells Utility Task Vehicles ("UTV").

12. Polaris engineered and designed the subject RZR. Polaris manufactured and assembled the subject RZR. Polaris distributed and sold the subject RZR.

## UTVS SOLD BY POLARIS

13. The images depicted below are from Polaris' most recent earnings report and website. The RZR like the one Victoria was in when she was killed, is as follows:



3

14. UTVs were introduced into the United States Market in the late 1990s. In 1998, only 2,000 UTVs were sold, all by one manufacturer. Polaris entered the market in 2000. By 2003, 20,000 UTVs were sold in the United States. That number then grew dramatically. There was a 19% growth from calendar year 2006 over 2005 levels with approximately 255,000 UTVs sold worldwide. In its most recent second quarter of 2019 earnings report, Polaris estimated nearly 1 billion in gross sales in the quarter. Polaris possess the top spot in the North American market share ranks and have three-fold lead on their nearest competitor.

15. Polaris UTVs are sold at retail with an approximate median base price of around $12,999.99 and sell at prices exceeding $20,000.00. The UTV Victoria was in when it rolled over was purchased in April 2020 for $21,355.19.

16. By April 2013, there were 428 incidents resulting in 231 fatalities and 388 other injuries. 150 of the 231 deaths were in rollover accidents.

A. *OSHA Regulation for Roll Over Protection Systems (ROPS)*

17. The subject vehicle has printed on Page 45 in the Owners' Manual and on the vehicle itself the following:



18. The subject vehicle does not meet the OSHA standard 29 C.F.R. § 1928.53 for vehicle's Roll Over Protection Systems (ROPS).

19. In failing to provide consumers accurate and truthful information about the true nature and characteristics of the vehicles pertaining to compliance with all applicable Federal and state statutes, standards, and regulations including self-adopted regulations, specifically OSHA requirements of 29 C.F.R. § 1928.53, consumers are damaged and are faced with a strong likelihood of serious injury or death.

20. The subject vehicle (2020 Polaris RZR XP model # Z20NE92AL; VIN 3NSN4E925LF798446) is laterally unstable and is subject to rollovers in turning maneuvers.

## FACTUAL ALLEGATIONS

21. On or about October 9, 2020, Defendant Nathan P. Zeien was driving the Subject Polaris UTV on an improved unpaved public road in the Nicolet National Forest (Township of Alvin, Forest County, Wisconsin). As he was travelling northbound, the roadway turns or bears to his right (eastward) just before the location of where Lilly Pad Road meets Steven Lake Road (45° 55' 32" N, 88° 45' 10" W). At said time, decedent Victoria Odarczenko was a back seat passenger in subject Polaris UTV.

22. Road where the accident occurred is owned by and under the jurisdiction of the United States Federal Government, Nicolet National Forest is managed by the Forest Service of the United States Department of Agriculture. The road where the accident occurred was open to the public for public travel. The public road where the accident occurred is and was maintained and controlled by Alvin Township at public expense. Then and now all maintenance to the road is performed by Alvin Township. Then and now the signage on the road was placed and maintained by Alvin Township. Then and now any traffic citation for the roadway would have

been issued and prosecuted by the Forest County Sheriff's Office. Mr. Zeien selected this public road because it was recommended by Polaris "Ride Command" app. The Polaris app only recommends travel by UTVs on public roads.

23. At that time and place, while attempting to negotiate the right-hand curve or bend in the roadway, the subject the Polaris UTV rolled over on its driver's side, sliding off the roadway and struck two poplar trees along the side of the roadway.

24. As a result, Victoria Odarczenko suffered multiple injuries resulting in her death. Decedent injuries include multiple aorta lacerations, sternal fracture, bilateral hemothorax, multiple liver laceration, multiple spleen lacerations, blood in abdomen and pelvis and multiple abrasions, contusions and lacerations throughout her body. Her death is a direct and proximate result of one or more acts or omissions by each defendant.

25. At all relevant times the subject RZR had the factory installed Rollover Protection System ("ROPS") in place.

## COUNT I
### Strict Liability – Defective Design of the Polaris RZR: Unreasonable Dangerous Roll Cage Design

**George Odarczenko, as Administrator of the Estate of Victoria Odarczenko vs Polaris Industries, Inc., Polaris Sales, Inc., Polaris Industries, Inc.**

1-25. Victoria Odarczenko incorporates by reference paragraphs 1-25 in this Complaint as through set forth in full in this Count I.

26. At all times relevant hereto, Polaris engaged in the business of designing, testing, inspecting, manufacturing, assembling, labeling, marketing, advertising, promoting, selling and/or distributing the 2020 Polaris RZR XP 4 Turbo.

27. At all times relevant hereto, the Subject RZR contained numerous defects in design and manufacture when it left the hands of Polaris and was unreasonably dangerous.

6

28. At all times relevant hereto, the Subject RZR was in a defective and unreasonably dangerous condition in ways which include:

   a. The design composition, layout, and shape of the roll cage/cab frame was unreasonably dangerous in violation of 29 C.F.R. § 1928.53 and other federal and state statutes, standards, and regulations;
   b. The shape of the bars that make up the roll cage/cab frame was unreasonably dangerous;
   c. The vehicle had maneuverability and lateral stability issues making it unreasonably dangerous;
   d. It was insufficiently tested.

29. Polaris knew or with reasonable care and diligence should have reasonably anticipated that the roll cage bars was a dangerous and defective design and maneuverability and lateral stability issues likely to cause injuries like those suffered by Victoria Odarczenko in the Incident.

30. The unreasonably dangerous and unsafe design of the 2020 RZR XP 4 Turbo's roll cage has caused other similar incidents involving serious injuries and/or death to drivers and/or occupants during a sideways tip or rollovers.

31. Polaris manufactured, assembled, marketed and sold, and continues to manufacture, assemble, market and sell the 2020 RZR XP 4 Turbo with the above-described design.

32. There are significantly safer alternative designs on the market, which feature roll cages that meet the requirements of 29 C.F.R. § 1928.53.

33. Polaris knew or with reasonable care and diligence should have anticipated that the use of grooved, slotted bars was a dangerous and defective design likely to cause or exacerbate injuries like those suffered by Victoria in the Incident.

34. At all times relevant hereto, Defendant marketed the subject RZR with a design that was not reasonably safe and the defective design was a substantial factor in causing the Plaintiff's death.

35. At all times relevant hereto, the Subject RZR was being used in the manner and for the purposes for which it was normally intended and in a manner reasonably anticipated.

36. Victoria could not, by the exercise of reasonable care, have discovered the defects and perceived its danger, and could not have avoided her injury.

37. For the foregoing reasons, the utility of the Subject RZR does not outweigh the danger inherent in its introduction into the stream of commerce.

38. As a direct and proximate result of the above-described defective and unreasonably dangerous conditions of the Subject RZR, Victoria was killed.

39. At the time of Polaris' design, adverting, manufacture, distribution, installation and/or sale of the Subject RZR, Defendant knew or with reasonable care and diligence should have reasonably known of the aforesaid defects and dangerous conditions of its UTV and showed complete indifference to and/or conscious disregard for the rights, health and safety of others, including Victoria.

WHEREFORE, the Plaintiff, George Odarczenko, as administrator of the Estate of Victoria Odarczenko, prays for judgment against the Polaris Industries, Inc. (The Delaware Corporation), Polaris Industries, Inc. (The Minnesota Corporation) and Polaris Sales, Inc., in an amount that is fair and reasonable in excess of $75,000.00, punitive damages, for her costs expended herein, and for such other relief as this Court deems just and proper under the circumstances.

## COUNT II
### Strict Liability – Manufacturing Defect of the Polaris RZR: Unreasonable Dangerous Roll Cage

**George Odarczenko, as Administrator of the Estate of Victoria Odarczenko vs Polaris Industries, Inc., Polaris Sales, Inc., Polaris Industries, Inc.**

1-25   Victoria Odarczenko incorporates by reference paragraphs 1-25 in this Complaint as through set forth in full in this Count II.

26.   At all times relevant hereto, Polaris engaged in the business of designing, testing, inspecting, manufacturing, assembling, labeling, marketing, advertising, promoting, selling and/or distributing the 2020 Polaris RZR XP 4 Turbo.

27.   At all times relevant hereto, the Subject RZR contained a manufacturing defect when it left the hands of Polaris and was unreasonably dangerous.

28.   At all times relevant hereto, the Subject RZR contained a manufacturing defect and was in an unreasonably dangerous condition in ways which include:

> Polaris design specifications for the subject RZR included as stated in the vehicles owner manual and on labels affixed to the subject RZR stated that the Rollover Protection System on the Subject RZR met the "OSHA 1923.53 Rollover performance requirements" and met the "OSHA requirements of CFR § 1928.53." In fact when Polaris manufactured the subject RZR it did not meet Polaris' own manufacturing specifications because the Rollover Protection System on the Subject RZR did not meet the OSHA requirements of 29 CFR § 1928.53.

29.   On September 27, 2023, Federal District Court Judge Fernando L. Aenlle-Rocha certified a class action with the class defined as residents who purchased one or more models of a Polaris RZR UTV in California, which were advertised with a sticker on the ROPS system as complying with OSHA requirements as set forth under 29 C.F.R. § 1928.53, and which were tested using Gross Vehicle Weight, not Tractor Weight (*i.e.* Polaris RZR sold with a stock ROPS installed)." (Case No. 19-cv-01543: Dkt #184)

30. The UTV in this case was sold to an Illinois resident and advertised in Illinois with the identical sticker on the ROPS system.

31. The Polaris RZR UTV in this case had the stock ROPS installed.

32. The Polaris RZR UTV in this case was tested using Gross Vehicle Weight and not Tractor Weight.

33. Polaris knew or with reasonable care and diligence should have reasonably anticipated that the roll cage bars manufacturing defect was likely to cause injuries like those suffered by Victoria Odarczenko in the Incident.

34. As a direct and proximate result of the above-described manufacturing defect and unreasonably dangerous conditions of the Subject RZR, Victoria was killed.

35. At the time of Polaris' design, adverting, manufacture, distribution, installation and/or sale of the Subject RZR, Defendant knew or with reasonable care and diligence should have reasonably known of the aforesaid manufacturing defect of its UTV and showed complete indifference to and/or conscious disregard for the rights, health and safety of others, including Victoria.

WHEREFORE, the Plaintiff, George Odarczenko, as administrator of the Estate of Victoria Odarczenko, prays for judgment against the Polaris Industries, Inc. (The Delaware Corporation), Polaris Industries, Inc. (The Minnesota Corporation), and Polaris Sales, Inc., in an amount that is fair and reasonable in excess of $75,000.00, punitive damages, for her costs expended herein, and for such other relief as this Court deems just and proper under the circumstances.

## COUNT III
### Strict Liability – Failure to Warn of the Subject RZR's Defects

**George Odarczenko, as Administrator of the Estate of Victoria Odarczenko vs Polaris Industries, Inc., Polaris Sales, Inc., Polaris Industries, Inc.**

1-25. Plaintiff, George Odarczenko, as administrator of the Estate of Victoria Odarczenko, deceased, incorporates by reference paragraphs 1-25 in this Complaint as though set forth in full in this Count III.

26. Polaris, in the course of its regular business, designed, redesigned, engineered, manufactured, distributed, assembled, promoted, marketed, delivered, and sold the Subject RZR without adequate instruction and/or without warnings regarding the defects or unreasonably dangerous conditions set forth in Count I. This includes Polaris' failure to adequately warn consumers and users of the vehicle of the risks associated with the use of the product, including, but not limited to the substantial risk of serious injury or death caused by defects in the vehicle.

27. Victoria was unaware and was not warned that the Subject RZR roll cage created a substantial risk of death if contacted during a sideways tip or rollover.

28. As a direct and proximate result of the defective and unreasonably dangerous conditions of the Subject RZR and Polaris' failure to warn of the dangers thereof, Victoria was killed.

29. At the time of Polaris' design, redesign, manufacture, distribution and/or sale of the Subject RZR, Polaris knew, and failed to warn Victoria, of the aforesaid defects and dangerous conditions of the Subject RZR, and thereby showed complete indifference to and/or conscious disregard for the safety of others, including Victoria.

WHEREFORE, the Plaintiff, George Odarczenko, as administrator of the Estate of Victoria Odarczenko, prays for judgment against the Polaris Industries, Inc. (The Delaware Corporation), Polaris Industries, Inc. (The Minnesota Corporation), and Polaris Sales, Inc., in an amount that is fair and reasonable in excess of $75,000.00, punitive damages, for her costs

expended herein, and for such other relief as this Court deems just and proper under the circumstances.

## COUNT IV
### Negligence

**George Odarczenko, as Administrator of the Estate of Victoria Odarczenko vs Polaris Industries, Inc., Polaris Sales, Inc., Polaris Industries, Inc.,**

1-25. George Odarczenko, as administrator of the Estate of Victoria Odarczenko, incorporates by reference paragraphs 1-25 in this Complaint as though set forth in full in this Count IV.

26. Defendant failed to use reasonable care and diligence in the design, engineering, manufacture, assembly, testing, and sale of the Subject RZR.

27. Defendant breached its duty of reasonable care and diligence, and were therefore negligent in the performance of its duties to Victoria and others in the following respects:

   a. Negligently incorporating multiple defects in the design of the 2020 RZR XP 4 Turbo including Subject RZR;
   b. Negligently incorporating multiple defects in the design of the roll cage and roll bars;
   c. Negligently manufacturing the Subject RZR;
   d. Failing to warn Victoria of the above-mentioned defects;
   e. Failing to adequately test the Subject RZR;
   f. Failing to inspect the Subject RZR;
   g. Such Further negligent acts and omissions as discovery will reveal.

28. Defendant knew or in the exercise of ordinary care and diligence should have known, that Subject RZR were defective and unreasonably dangerous.

29. Defendant owed Victoria a duty to take reasonable precautions or steps to prevent the type of foreseeable injury suffered by Victoria as a result of the negligence alleged herein.

30. Defendant breached its duty to Victoria and others by failing to take reasonable precautions or steps to prevent the type of foreseeable injury suffered by Victoria as a result of the negligence alleged herein.

31. At the time of the Defendant's design, manufacture, processing, distribution, delivery and/or sale of the products, Defendant knew, or in the exercise of ordinary care, should have known about, the aforesaid defects and dangerous conditions of said product, and failed to eliminate or warn of the defects, and thereby showed complete indifference to and/or conscious disregard for the safety of others.

WHEREFORE, the Plaintiff, George Odarczenko, as administrator of the Estate of Victoria Odarczenko, prays for judgment against the Polaris Industries, Inc. (The Delaware Corporation), Polaris Industries, Inc. (The Minnesota Corporation), and Polaris Sales, Inc., in an amount that is fair and reasonable in excess of $75,000.00, punitive damages, for her costs expended herein, and for such other relief as this Court deems just and proper under the circumstances.

## COUNT V
### Strict Liability – Defective Design of the Polaris RZR: Unreasonable Dangerous Roll Cage Design

**George Odarczenko, as Administrator of the Estate of Victoria Odarczenko vs. Custom Products of Litchfield, Inc.**

1-25. Victoria Odarczenko incorporates by reference paragraphs 1-25 in this Complaint as through set forth in full in this Count V.

26. At all times relevant hereto, Custom Products of Litchfield, Inc. engaged in the business of designing, testing, and inspecting the 2020 Polaris RZR XP 4 Turbo.

27. At all times relevant hereto, the Subject RZR contained numerous defects in design and manufacture when it left the hands of Custom Products of Litchfield, Inc. and was unreasonably dangerous.

28. At all time relevant hereto, the Subject RZR was in a defective and unreasonably dangerous condition in ways which include:

   a. The design composition, layout, and shape of the roll cage/cab frame was unreasonably dangerous in violation of 29 C.F.R. § 1928.53 and other federal and state statues, standards, and regulations;
   b. The shape of the bars that make up the roll cage/cab frame was unreasonably dangerous;
   c. The vehicle had maneuverability and lateral stability issues making it unreasonably dangerous;
   d. It was insufficiently tested.

29. Custom Products of Litchfield, Inc. knew or with reasonable care and diligence should have reasonably anticipated that the roll cage bars was a dangerous and defective design and maneuverability and lateral stability issues likely to cause injuries like those suffered by Victoria Odarczenko in the incident.

30. The unreasonably dangerous and unsafe design of the 2020 RZR XP 4 Turbo's roll cage has caused other similar incidents involving injuries and/or death to drivers and/or occupants during a sideways tip or rollovers.

31. There are significantly safer alternative designed on the market, which feature roll cages that meet the requirements of 29 C.F.R. § 1928.53.

32. Custom Products of Litchfield, Inc. knew or with reasonable care and diligence should have anticipated that the use of grooved, slotted bars was a dangerous and defective design likely to cause or exacerbate injuries like those suffered by Victoria in the Incident.

33. At all times relevant hereto, Defendant marketed the subject RZR with a design that was not reasonably safe, and the defective design was a substantial factor in causing the Plaintiff's death.

34. At all times relevant hereto, the Subject RZR was being used in the manner and for the purposes for which it was normally intended and in a manner reasonably anticipated.

35. Victoria could not, by the exercise of reasonable care, have discovered the defects and perceived its danger, and could not have avoided her injury.

36. For the foregoing reasons, the utility of the Subject RZR does not outweigh the danger inherent in its introduction into the stream of commerce.

37. As a direct and proximate result of the above-described defective and unreasonably dangerous conditions of the Subject RZR, Victoria was killed.

38. At the time of Custom Products of Litchfield, Inc.'s design of the Subject RZR, Defendant knew or with reasonable care and diligence should have reasonably known of the aforesaid defects and dangerous conditions of its UTV and showed complete indifference to and/or conscious disregard for the rights, health and safety or others, including Victoria.

WHEREFORE, the Plaintiff, George Odarczenko, as administrator of the Estate of Victoria Odarczenko, prays for judgment against the Custom Products of Litchfield, Inc., in an amount that is fair and reasonable in excess of $75,000.00, punitive damages, for her costs expended herein, and for such other relief as this Court deems just and proper under the circumstances.

## COUNT VI
### Strict Liability – Failure to Warn of the Subject RZR's Defects

**George Odarczenko, as Administrator of the Estate of Victoria Odarczenko vs. Custom Products of Litchfield, Inc.**

1-25.    Plaintiff, George Odarczenko, as administer of the Estate of Victoria Odarczenko, deceased, incorporates by reference paragraphs 1-25 in this Complaint as though set forth in full in this Count VI.

26.    Custom Products of Litchfield, Inc., in the course of its regular business, designed, redesigned, and engineered the Subject RZR without adequate instruction and/or without warnings regarding the defects or unreasonably dangerous conditions set forth in Count VI. This includes Custom Products of Litchfield, Inc.'s failure to adequately warn consumers and users of the vehicle of the risks associated with the use of the product, including, but not limited to the substantial risk of serious injury or death caused by defects in the vehicle.

27.    Victoria was unaware and was not warned that the Subject RZR roll cage created a substantial risk of death if contacted during a sideways tip or rollover.

28.    As a direct and proximate result of the defective and unreasonably dangerous conditions of the Subject RZR and Polaris' failure to warm of the dangers thereof, Victoria was killed.

29.    At the time of Custom Products of Litchfield, Inc.'s design and redesign of the Subject RZR, Polaris knew, and failed to warn Victoria, of the aforesaid defects and dangerous conditions of the Subject RZR, and thereby showed complete indifference to and/or conscious disregard for the safety of others, including Victoria.

WHEREFORE, the Plaintiff, George Odarczenko, as administrator of the Estate of Victoria Odarczenko, prays for judgment against the Custom Products of Litchfield, Inc., in an amount that is fair and reasonable in excess of $75,000.00, punitive damages, for her costs expended herein, and for such other relief as this Court deems just and proper under the circumstances.

## COUNT VII
## Negligence

**George Odarczenko, as Administrator of the Estate of Victoria Odarczenko vs. Custom Products of Litchfield, Inc.**

1-25. George Odarczenko, as administrator of the Estate of Victoria Odarczenko, incorporates by reference paragraphs 1-25 in this Complaint as though set forth in full in this Count VII.

26. Defendant failed to use reasonable care and diligence in the design, engineering and testing of the Subject RZR.

27. Defendant breached its duty of reasonable care and diligence, and were therefore negligent in the performance of its duties to Victoria and others in the following respects:

   a. Negligently incorporating multiple defects in the design of the 2020 RZR XP 4 Turbo including Subject RZR;
   b. Negligently incorporating multiple defects in the design of the roll cage and roll bars;
   c. Negligently manufacturing the Subject RZR;
   d. Failing to warn Victoria of the above-mentioned defects;
   e. Failing to adequately test the Subject RZR;
   f. Failing to inspect the Subject RZR;
   g. Such further negligent acts and omissions as discovery will reveal.

28. Defendant knew of in the exercise of ordinary care and diligence should have known, that Subject RZR was defective and unreasonably dangerous.

29. Defendant owed Victoria a duty to take reasonable precautions or steps to prevent the type of foreseeable injury suffered by Victoria as a result of the negligence alleged herein.

30. Defendant breached its duty to Victoria and others by failing to take reasonable precautions or steps to prevent the type of foreseeable injury suffered by Victoria as a result of the negligence alleged herein.

31. At the time of the Defendant's design of the products, Defendant knew, or in the exercise of ordinary care, should have known about, the aforesaid defects and dangerous conditions of said product, and failed to eliminate or warn of the defects and thereby showed complete indifference to and/or conscious disregard for the safety of others.

WHEREFORE, the Plaintiff, George Odarczenko, as administrator of the Estate of Victoria Odarczenko, prays for judgment against the Custom Products of Litchfield, Inc., in an amount that fair and reasonable in excess of $75,000.00, punitive damages, for her costs expended herein, and for such other relief as this Court deems just and proper under the circumstances.

Dated: May 27, 2025

SINSON LAW GROUP

*/s/ Kent D. Sinson*
Kent D. Sinson, Attorney for Plaintiff

Kent D. Sinson (ARDC No. 6196953)
kent@sinsonlawgroup.com
SINSON LAW GROUP
100 N. LaSalle Street, Suite 1100
Chicago, Illinois 60602
(312) 332-2107 / Phone
(312) 332-4508 / Facsimile

| | |
|---|---|
| GEORGE ODARCZENKO, as Administrator of the ESTATE OF VICTORIA ODARCZENKO, Deceased,<br><br>Plaintiffs,<br>v.<br><br>POLARIS INDUSTRIES, INC. (The Delaware Corporation), POLARIS INDUSTRIES, INC. (The Minnesota Corporation), POLARIS SALES, INC., and CUSTOM PRODUCTS OF LITCHFIELD, INC.,<br><br>Defendants. | Case No. 1:25-cv-5880<br><br>**JURY DEMAND** |

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), the Plaintiff, GEORGE ODARCZENKO, as Administrator of the ESTATE OF VICTORIA ODARCZENKO, Deceased, demands a jury trial.

Dated: <u>May 27, 2025</u>　　　　　　　　SINSON LAW GROUP

　　　　　　　　　　　　　　　　　　　*/s/ Kent D. Sinson*
　　　　　　　　　　　　　　　　　　　Kent D. Sinson, Attorney for Plaintiff

Kent D. Sinson (ARDC No. 6196953)
kent@sinsonlawgroup.com
SINSON LAW GROUP
100 N. LaSalle Street, Suite 1100
Chicago, Illinois 60602
(312) 332-2107 / Phone
(312) 332-4508 / Facsimile