**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**GEORGE ODARCZENKO,**
***as Administrator of the Estate of***
***Victoria Odarczenko, Deceased,***

**Plaintiff,**

**v.** **Case No. 25-C-1814**

**POLARIS INDUSTRIES, INC. *(The Delaware Corporation)*,**
**POLARIS INDUSTRIES, INC. *(The Minnesota Corporation)*,**
**POLARIS SALES, INC., and**
**CUSTOM PRODUCTS OF LITCHFIELD, INC.,**

**Defendants.**

---

**ORDER GRANTING MOTION FOR ENTRY OF PROTECTIVE ORDER**

---

Plaintiff George Odarczenko commenced this product liability action against Polaris Industries, Inc. (both the Delaware and the Minnesota corporations) and Polaris Sales, Inc. (collectively, Polaris) as well as Custom Products of Litchfield, Inc., for damages arising out of a 2020 roll-over accident involving a Polaris RZR Utility Task Vehicle (UTV) that resulted in the death of his daughter. This case is before the Court on Plaintiff's motion for entry of a protective order. The parties are in agreement that a protective order is appropriate in the case. Polaris, however, opposes one paragraph of the protective order proposed by Plaintiff. That paragraph, known as the sharing provision, allows the dissemination of discovery marked "confidential" to:

> Attorneys of record representing Plaintiffs in other litigation alleging a design defect of the Polaris RZR where the parties have agreed to be bound by this protective order and submit themselves to the jurisdiction of this Court for enforcement of this order. Information obtained in discovery concerning the Polaris RZR device, which does not constitute a trade secret or researched, technical, or commercial information, is not the subject of this Confidentiality Order.

Dkt. No. 44-1 at (B)(1)(g). Polaris argues that inclusion of this paragraph risks dissemination of its confidential information "to unknown lawyers in unknown cases involving unknown Polaris vehicles in different jurisdictions with different discovery rules and with different facts and claims." Dkt. No. 49 at 1. The Court disagrees and therefore grants Plaintiff's motion.

The general rule is that a court may enter a protective order for "good cause" to protect a party from "annoyance, embarrassment, oppression or undue burden or expense," including by requiring "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(1). Here the parties agree that in the course of discovery Polaris will be required to disclose information that may include trade secrets or other confidential research, development, or commercial information that if made public could harm Polaris by reducing its economic advantage over competitors. It is for this reason that both sides are in agreement that a protective order is appropriate.

Protective orders that allow one party to designate information disclosed to the other as "confidential" or "attorneys' eyes only" facilitate discovery by allowing a freer exchange of information without the need to engage in unproductive disputes over whether material a party does not wish to disclose to the public is discoverable. Rather than engage in disputes over whether the information is discoverable, the disclosing party can simply designate material they do not wish to publicly disclose as "confidential." Most of the material so designated will remain undisclosed to the public because discovery materials are not filed with the court unless relevant and admissible. Thus, a protective order allowing such designations achieves the goal of expediting discovery and maintaining confidentiality over material that was arguably not subject to discovery. The Court therefore finds good cause for entry of such an order. (Of course, if a party elects to file material that has been designated "confidential" or "attorneys' eyes only" with

the Court, good cause must be shown for restricting access to the specific documents or material so designated. *See* General L. R. 79(d).)

As noted above, the disagreement in this case is over the sharing provision quoted above. Plaintiff argues that the sharing provision has limitations that are sufficient to protect Polaris from the harm it seeks to avoid. The provision allows sharing only with attorneys representing plaintiffs in other cases alleging design defects in the Polaris RZR UTV where the attorneys agree to be bound by this protective order and submit themselves to the jurisdiction of this Court for enforcement of the order. Plaintiff notes that similar sharing provisions have been entered in many other cases, including several in which Polaris is named as the defendant. And since attorneys in other cases alleging design defects in the Polaris RZR would be entitled to the same discovery in any event, Plaintiff contends that Polaris is not harmed by Plaintiff receiving authorization to share the information it obtains. The Court agrees that a sharing provision is reasonable.

Rule 1 of the Federal Rules of Civil Procedure requires that the Rules be "construed, administered, and employed by the court . . . to secure the just, speedy, and inexpensive determination of every action and proceeding." "Collaborative use of discovery material fosters that purpose; the sharing of discovery materials ultimately may further the goals of Rule 1 by eliminating the time and expense involved in 're-discovery.'" *Wauchop v. Domino's Pizza, Inc.*, 138 F.R.D. 539, 546–47 (N.D. Ind. 1991) (citing *Williams v. Johnson & Johnson*, 50 F.R.D. 31, 32 (S.D.N.Y. 1970)). Indeed, this is one of the chief purposes underlying multi-district litigation (MDL). *See* 28 U.S.C. § 1407; *see also In re Commonwealth Oil/Tesoro Petroleum Securities Litigation*, 458 F. Supp. 225, 229–30 (Jud. Pan. Mult. Lit. 1978) ("The transferee judge, of course, has the broad discretion to design a pretrial program that will allow discovery on any issues unique to any action or party to proceed concurrently with the common discovery."). To be sure, this is

not an MDL case, but similar considerations apply. As one court has observed in approving a sharing provision in a product liability case against Ford Motor Company:

> The plaintiffs' attorneys' discovery information exchange group reduces the effort and expense inflicted on all parties, including Ford, by repetitive and unnecessary discovery. In this era of ever expanding litigation expense, any means of minimizing discovery costs improves the accessability and economy of justice. If, as asserted, a single design defect is the cause of hundreds of injuries, then the evidentiary facts to prove it must be identical, or nearly so, in all the cases. Each plaintiff should not have to undertake to discovery anew the basic evidence that other plaintiffs have uncovered. To so require would be tantamount to holding that each litigant who wishes to ride a taxi to court must undertake the expense of inventing the wheel. Efficient administration of justice requires that courts encourage, not hamstring, information exchanges such as that here involved.

*Ward v. Ford Motor Co.*, 93 F.R.D. 579, 580 (D. Colo. 1982).

Permitting plaintiffs' attorneys handling similar cases to meaningfully consult with one another may also help narrow and sharpen the issues, and thereby further the overall interest in arriving at a "just, speedy, and inexpensive determination" of the action. Fed. R. Civ. P. 1. It also ensures that defendants act with consistency and thoroughness in responding to discovery demands.

Polaris argues, however, that if the Court allows a sharing provision, the class of plaintiff attorneys with whom sharing is allowed should be more narrow, and further, that the provision should include the requirement that Polaris be given notice of the intended recipient, the information or records in the anticipated dissemination, and an opportunity for Polaris to object. The Court agrees that the attorneys with whom Plaintiff may share confidential information received in discovery should be limited to "Attorneys of record representing plaintiffs in other litigation alleging a design defect of the Polaris RZR leading to roll-over accidents." That is the only kind of defect that is alleged here. But given the fact that any attorney to whom Plaintiff discloses information that has been designated as confidential must agree to be bound by the protective order and submit to the jurisdiction of this Court for enforcement of this order, the Court

is satisfied that the notice and opportunity to object requested by Polaris is not needed and would only burden the Court and the parties with additional work. The Court therefore declines to adopt that additional limitation.

In sum, the Court is satisfied that including a sharing provision will serve the interests of the parties and the Court, and at the same time, provide the protection of trade secrets and proprietary information that Polaris seeks. Accordingly, Plaintiff's motion for a protective order, including the limited sharing provision (Dkt. No. 44) is **GRANTED** with the modification noted above. Specifically, Paragraph (B)(1)(g) of the Protective Order is modified to include the underlined limitation:

> Attorneys of record representing plaintiffs in other litigation alleging a design defect of the Polaris RZR leading to roll-over accidents where the parties have agreed to be bound by this protective order and submit themselves to the jurisdiction of this Court for enforcement of this order. Information obtained in discovery concerning the Polaris RZR device, which does not constitute a trade secret or researched, technical, or commercial information, is not the subject of this Confidentiality Order.

**SO ORDERED** at Green Bay, Wisconsin this 10th day of August, 2026.

William C. Griesbach
United States District Judge